# 7669

Court of Appeal, Parish of Orleans.

State Ex Rel George Seth Guion, District Attorney,

-vs-

Frank Chauvin, Parish Treasurer.

Dinkelspiel, J.

This action involves questions of law alone.

The Relator sets forth that he is the District Attorney for the 27th. Judicial District Court for the Parishes of Assension, Assumption and St. James. That in addition to the duties devolving upon him in the prosecution of all criminal cases arising in said 27th. Judicial District, he by virtue of his said office as District Attorney is also the legal advisor of seven public boards and corporations; that in the discharge of his duties he has rendered and will continue to render valuable services for which if compensated otherwise than through and by means of the contract period refered to he would receive and be paid an amount pargely in excess of that provided for in said contract. He further shows, that in said official capacity of District Attorney in and for the Parish of St. James he is the holder and owner of three certain warrants Numbered 4668, 4681 and 4728, the same having been executed and given

190

given respectively of March, April and May 1919, each for the sum of $63.50; that the said warrants are due to him for his salary as District Attorney for the months of February, March and April 1919; that said warrants are counter-signed by the Secretary of the Police Jury of the Parish of St. James, and under their tenor the Secretary of the Police Jury of the Parish of St. James is directed to pay to the order of Relator the aforesaid sums due him as aforesaid and he annexes the warrants for certainty of description. He further alleges that said warrants were orders issued to him as District Attorney by the said Police Jury for the Parish of St. James in part payment of his salary as set forth in said warrants and under the contract duly entered into between Relator as District Attorney and said Police Jury, under which contract the said Police Jury bound and obligated itself to pay to your Relator the fixed and determined sum of $750.00, per annum in full compensation for his services and expenses as District Attorney in lieu of expenses, fees, commissions etc.

Relator further alleges, that said contract was entered into in accordance with the laws and statutes of Louisiana, specially Sec. 4, of the Act of the General Assembly of the State of Louisiana of the Extra Session of 1877, being Act 30 of said Extra Session, and under full force and effect and in every way binding upon your Relator and said Police Jury.

He alleges further, that for many years prior to his election and qualification as District Attorney the Police Juries of the several Parishes composing the 37th. Judicial District had availed themselves of the advantages contemplated and provided by Sec. 4 of the Act No. 30 of 1877 by entering into contracts with the District Attorneys of said district and they continued said contracts with Relator, and agreed to enter into and did enter into said contracts as had been

191

done by them with the predecessors of Relator whereby the fees and commissions earned and the expenses incurred by them should be paid to them by contracts entered into with Police Juries.

That on the 6th. of May, 1919, Relator through his Attorneys presented said three warrants or orders to Frank Chauvin, Treasurer of the Parish of St. James for payment and that payment was refused by said official, on the ground as written by him on the back of said warrant or warrants, 'that he was advised by the Supervisor of Public Accounts of the State of Louisiana not to pay same.

That said Treasurer had ample funds in the Treasury with which to pay said warrants of Relator, but declined doing so for the reason stated, and therefore, Relator, concluded with a prayer, that an alternative writ of mandamus issue herein directed to said Frank Chauvin, Treasurer for the Parish of St. James, ordering him to pay to Relator the three warrants or orders herein declared upon and attached hereto at once or show cause to the contrary.

The petition is sworn to and the order issued on the 17th. of May, 1919 and the alternative writ of mandamus was fixed for trial on the 4th. of June, 1919.

Chauvin, Treasurer of the Parish of St. James and Respondent in this case for answer to the alternative writ of mandamus, and also for answer to Relator's petition to show cause why the writ should not issue and why Relator's suit should be dismissed etc., admits that Relator under the law is made the Attorney of the different boards therein named, situated in the Parish as stated, but denies, that in representing said Boards, Relator was paid the fees or commissions allowed by law that the amount received by him therefor would be greater than that which he received under the contract which he now seeks to enforce; denies further that said contract was entered into in accordance with the laws and statutes of

of the State of Louisiana, and whilst it may have been entered
into presuant to Section 4, of Act, 130, of the Extra Session
of 1877; denies that said act was in full force and effect
and could have served the basis of said contract at the time
the same was entered into, but avers on the contrary that
the statute above cited at the time said contract was wntered
into had been superceeded by Article 135 of the Constitution
which limits the fees of District Attorneys to such as may
be fixed by statute under the limitation of said article, and
that in accordance with said provision the Legislature passed
Act No. 96 of 1880, Section 3 which fixes his fees in ᵃˣᶦᵍᶦⁿ
ᵃˣⁱᵐᵃᵗᵗᵉˣˢ criminal matters and Section 5 in oivⁱl cases and
the fees thus fixed cannot be changed, altered or abrogated
by agreement and the contract herein pleaded is nullp void
and of no effect; he denies further the deductions of law
and equity drawn from the facts thus alleged, and particul-
arly the deductions under Article 10 of the petition by
which it is alleged and affirmed that it was the ministerial
duty of Respondent to honor and pay the warrants as presented
to him as alleged. On the contrary, he avers that it was his
plain duty not to honor and pay said warrants in view of the
instructions given him by the Supervisor of Public Accounts,
and therefore he prayed that the alternative writ of mandam-
-us heretofore issued be recalled; that the ᵖʳᵉᵃᵐᵖᵃˣᵖˣᵖˣᵃᵖᵉᵐ
pre-emptory mandamus prayed for be denied; that Relators
demand be rejected, and for general and equitable relief.
The answer is sworn to by the Attorney General of Louisiana.
Under the Constitution of Louisiana of 1868 and the various
subsequent acts of the legislature including the extra session
of 1877, fees and emolumyants, not only of District Attorneys
but of Lawyers selected by the various boards were permissible
and decisions cannot be found to alter or vary the effect
them given, but under the Constitution of 1879 and 1898, Art.

124, reads: "There shall be a District Attorney for each judicial district in the State, who shall be elected by the qualified xxxxxx electors of the judicial district at the same time and for the same term as is provided in Article 109 for district judges. He shall receive a salary of one thousand dollars per annum, payable monthly on his own warrant. He shall be an actual resident of the district and a licensed Attorney in this State. He shall also receive fees; but no fees shall be allowed in Criminal cases except on convictions which fees shall not exceed five dollars in case of a misdemeanor."

The Constitution of 1913 follows substantially in identical language. The Act No. 96 of 1880 was repealed by Article not inconsistent with 124 of the Constitution of 1879. The act 30, of the Extra Session of 1877, authorizing Police Juries to contract for fixed sums of money with those officials who receive fees under existing laws in compensation for services did not apply to District Attorneys who are State and Not Parish officers.

The question presented is, did the Police Jury of the Parish of St. James have the legal right under the Constitution and the Act referred to to go beyond the fixed salary allowed to the District Attorney together with fees in cases of conviction only. We think not. The law is positive and cannot be changed under any circumstances by any Act of the Legislature.

The Supreme Court of our State, in the case of State Ex Rel Broussard, District Attorney-vs-Henderson, Sheriff, to be found in Volumn 130, La. Reports, Chief Justice Monroe, dealing with the matter in hand in the syllabus, headed District Attorneys compensation, says; "The purpose of Act No. 96, p.133, of 1880, was to deal with the whole subject of the duties and compensation of district attorneys, and, whilst there may have been some provisions of the ten exis-

194

-ting law which escaped kkm its operation, it is so modified
and superceeded that law as to preclude any recovery by the
district attorneys of the one-fifth part of the fines imposed
(after deducting the commissions of the sheriff) in addition
to the fee provided by Section 3 of said act".

And again: " Articles 125 and 180 of the Constitution of
1898, whether taken seperately or together, are not suscepta-
ble of the construction that they intend to allow district
attorneys to collect commissions, as contradistinguished from
from fees, or fees, save as provided by the Constitution
itself."

And at page 542 in the body of the decision the Court goes
on to say: "Applying this rule to the instant case,we are
of opinion that the purpose of Act No. 96 of 1880, was to
deal with the whole subject of the duties and compensation
of district attorneys, and that, whilst there may have been
some provision of the existing law which escaped thaxmxr
its operation, it is so modified or superceeded those upon
which Relator relies as to preclude his recovery upon the
claim which he here sets up."

In the case of State Ex Rel Bourg, District Attorney-vs-
Morrero, District Attorney, to be found in 133 La. Reports,
and which was more in the nature of a criminal prosecution,
amongst other things the Court says: "For many years, and
in many Parishes of this State, the police juries have intxapx
interpreted the law under which they exercise their powers
as authorising them to enter into contracts with the d
district attorneys for the payment to those officers of
salaries, in lieu of the fees allowed by law for convictions,
and, such interpretation having been adopted and acted upon,
by the police juries of the Parishes contituting, and the
district attorneys of, the Twenty- Eighth Judicial District ,
in good faith, the receipt of the makmmx salary so agreed on
furnishes no basis for the charge, X brought against said
district attorney, of entortion in office".

The Attorney General, in brief filed by him, has in our opinion stated the law of the case in this State when at Page 4, he says: " The rules of law relative to contracts do not apply to the official relation. The power to create a public office, to define its duties, and to fix its compensation is essentially governmental, and there are no principles more firmly established than that where no compensation is provided by law, none is due, and that the compensation as fixed by law, may not be changed by agreement. Contracts attempted to be made which provide for compensation different from that prescribed by law are void as against public policy. Cyc. Vol. 39, p. 1425. "

We have carefully read and examined the able briefs, both original and supplemental, filed in this case, and we are constrained to differ for the reasons given in the arguments and the authorities cited.

It is therefore ordered, adjudged and decreed, that the writ of mandamus made peremptory by the District Court be reversed, annulled and set aside, that this writ be refused and Relators prayer be denied with costs.

196

## On Application for Rehearing.

The brief for a rehearing has not convinced us that we erred in arriving to the conclusion that Act 30 of 1877, Section 4, p. 47 Extra Session had been repealed, as far as the District Attorney was concerned, by Articles 124 of the Constitution of 1879 and 125 of the Constitutions of 1898 and 1913, and by Act 96 of 1880 Section 3 p. 122. The case of State ex rel Barrow vs. Treasurer, 30 A., 518 relied upon by relator was decided in March 1878 under the Constitution of 1868. There was no law at that time prohibiting a contract with the Sheriff for his compensation.

The Court said, on page 518, in speaking of Act 30 of 1877:

"Read in connection with the other statutes on the same subject matter and with the general law of contracts, we think a fair interpretation of this statute is that it enabled the parishes to make contracts for officers for specific sums in lieu of fees of office & c ".

But since then the Constitutions of 1879 and 1898 have been adopted, and our interpretation of them is that such contracts, as far as District Attorneys are concerned, are prohibited by their letter and spirit.

But the relator calls our attention to the cases in 11 A., 673, 41 A., 156, and 47 A., 1679 wherein it was decided that neither a State Treasurer, nor a mayor, nor a State Auditor can question the constitutionality of a law specifying their particular duties. The existence of the law attempted to be enforced in those cases was not denied; their legality alone was contested. But in the case at bar the relator seeks the execution of a contract made by him with the Police Jury by virtue of Act 30 of 1877. The defense of the Treasurer is, not that the act of 1877 is unconstitutional, out that it has

been repealed, as to relator. We have so held, and we cannot see how it can be the legal duty of the Treasurer to pay a claim based upon a law which has been repealed.

In the 14th. A, p. 227, the Court said:

"If upon the face of the warrant, it appears that it is drawn for a consideration for which the law has made no appropriation, then he must refuse to pay it".

This language was approved in State ex rel Barrow, 30 A., 817. The Court said:

"The duty of the Parish Treasurer to make the registry of claims which have been allowed by the proper authorities is clear and imperative under the statute; but as was very properly held in the cases just cited, it would be otherwise if the certificate of the Clerk and Judge should show upon its face,-to which we will add, if the account to which they were appended should shew - that they were not within the law & c ",

and the Court refused to issue the mandamus in favor of the Sheriff for "serving road notices and for notices to jurors and mileage".

In State ex rel Houston 30 A., 82, where the law made it the duty of the City to pay the Sheriff's fees upon the approval of the Judge and Clerk, the Court refused to mandamus the City Treasurer to pay his approved bill the correctness of which the City disputed.

It is therefore ordered that the rehearing be refused.

December 8th, 1919.